```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

UNITED STATES OF AMERICA         §
                                 §
V.                               §   CRIMINAL NO. H-11-624-M
                                 §
JOHN P. GRIFFIN                  §


                ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

                        Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. §§ 3142(e), (f)(1)].

    [ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

             [ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

             [ ]  an offense for which the maximum sentence is life imprisonment or death.

             [ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

             [ ]  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendant

    from imprisonment) for the offense described in finding 1.

[ ]  (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]  B.  Findings of Fact [18 U.S.C. § 3142(e)]

 [ ] (1) There is probable cause to believe that the defendant has committed an offense

   [ ]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]  under 18 U.S.C. § 924(c).

 [ ] an offense listed in section 2332b(g)(5)(B) of title 18 for which a maximum term of imprisonment of ten years or more is prescribed;

[ ] an offense under chapter 77 [Peonage, Slavery, and Trafficking in Persons] of this title for which a maximum term of imprisonment of twenty years is prescribed;

[ ] an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

 [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]  C.  Findings of Fact [18 U.S.C. § 3142(f)(2)]

 [X] (1) Defendant is charged with bank fraud and conspiracy to commit bank fraud.

 [x] (2) There is a serious risk that the defendant will flee.

[ ]     (3)

[ ]     (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[ ] D.  Findings of Fact [18 U.S.C. § 3142(c)]

[ ]     (1) As a condition of release of the defendant, bond was set as follows:

[ ]     (2)

[ ]     (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ]     (4)

[ ]     (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant John Griffin is a thirty-two-year-old U.S. citizen charged with bank fraud and conspiracy to commit bank fraud.

2. The criminal complaint alleges that Griffin and others re-coded debit cards and skimmed debit cards numbers in order to steal money from victims' bank accounts. Lall was the ringleader of the group until he began serving a sentence of incarceration at which time Griffin took over the operation. Griffin committed several of the acts skimming money from victims' bank accounts in April 2010. Griffin's co-defendant, Jason Lall, told agents that Griffin wanted to purchase three skimming devices for his personal use.

3. On August 7, 1997, Defendant was convicted of shoplifting in Cherry Hill Township, New Jersey. He was assessed $328 but it is unclear if he was sentenced to any term of incarceration.

4. On August 4, 2009, Defendant was charged with fraud in the use/possession of identifying information. He was released on a $20,000 bond. This charge was dismissed on July 21, 2010, after the below charge was filed.

5. On June 29, 2010, Defendant was charged with forgery (fraud/use/possession of ID information) in Houston, Texas. His next court date is June 29, 2011.

6. On April 18, 2010, Defendant was charged with fraud in the use/possession of identifying information. He was arrested on this charge in February 2011. This charge remains pending.

7. At the time of his arrest, Griffin asked the arresting agent what she would do if he ran, commenting that they would never arrest him again. The court deems this statement to refer to Griffin's intent to flee if given the opportunity.

8. In light of the foregoing, there is no condition or combination of conditions of release that can address the risk of flight posed by this defendant or the danger to the community based on his continued law violations. Detention is ordered.

### Directions Regarding Detention

It is therefore **ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed in Houston, Texas, this 22nd day of June, 2011.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE